Next case is Tarselli v. Superintendent SCI Greene, Mr. Ulrich. May it please the Court, Frederick Ulrich, Assistant Federal Public Defender in the Middle District of Pennsylvania, representing the appellant Todd Tarselli. I'd like to reserve two minutes of my time for rebuttal. Granted. Addressing at the outset the Court's questions and in particular whether the circumstances surrounding the dismissal in this particular case by the District Court were sufficiently unusual or extraordinary that equitable tolling might apply to some future filing by Mr. Tarselli. We think the Court doesn't really need to get to that question at this point. But if it does, the answer is supplied in Personnelli v. Caffle, the case where the Court addressed a somewhat similar fact paradigm where you had a mixed petition that was filed. The Court considered it for about a 14-month period and then dismissed without prejudice so the unexhausted claims could be litigated in state court. In that circumstance when Mr. Personnelli came back into federal court, this Court concluded that the preclusion of his petition because the limitations period had run in conjunction with the Court's order and the fact that there's an exhaustion requirement were sufficiently extraordinary that he was entitled to equitable tolling. We think the same thing would apply here in the future that is because at the time the Court issued its order, it effectively put Mr. Tarselli out of court. The limitations period had run and we know that because the Supreme Court has said the filing of a 2254 petition doesn't toll the limitations period. And when you do file again or later, it doesn't really back. And here the circumstances surrounding his exhaustion were equally if not more compelling than those in Personnelli because he got these two different limitation periods that exist in state and federal court to address a new rule of constitutional dimension. So if you're in federal court and you want to raise a Miller claim, you've got to do it within one year of Miller. But if you're in state court, you've got to wait until the Supreme Court says, oh, it's retroactive and you get 60 days. Well, you were supposed to be clairvoyant and know that Miller and Montgomery were coming down the pike, right? Mr. Tarselli did a fairly good job for pro se litigant trying to get this issue in front of the court. How about the initial point here on jurisdiction? Do we have jurisdiction to hear this appeal? This was there is a dismissal without prejudice to refiling. Yes. And so obviously from my brief, I didn't anticipate that as being a problem. Otherwise, we wouldn't have got the letter from the court. But I don't think it's a problem in this particular case. Tell us why it isn't a problem. Here's why. The equitable tolling principles, though they might apply to some future filing by Mr. Tarselli, they don't change the fact that his original petition was time to file or the fact that the order is final. The order put him out of court. The limitation period has run. And equitable tolling, it's not like statutory tolling. The court has to consider a whole bunch of things. Mr. Tarselli may mess up while he's litigating this thing in state court. He may procedurally default. He may not take the necessary steps. He may be dilatory. He can do a lot. He may decide not to even come back to federal court. So the aspect of equitable tolling is a completely different animal relative to this particular fact paradigm. And the decision by the court in Brennan v. Kulik isn't to the contrary. There you had a dismissal of a civil complaint with a conditional order that provided a discrete time period in order to come back into court if you complied with the discovery order. Or, for instance, not joining an essential or necessary party. That's not the situation we have here. And it could take years for this thing to get exhausted in state court. So we're not dealing with a discrete time period. And when you look at the cases. So what does that mean? I mean, it might take years, but, you know, the order said without prejudice, with leave to refile after exhaustion of state revenues. You have every right to come back. Well, you could read it that way, the response. You'd probably like us to say that in an opinion in this case. That would be very helpful. And, indeed, I think. Going to that point, does it really matter here? I mean, this case from a practical standpoint, I don't know if Mr. McMonigle will agree, but it seems very binary. Do you concede that if Mr. Tarselli is finally determined under state law to have been not a minor at the time of his conviction, then he's not entitled to any Miller v. Alabama relief? That's true. That's the fact that's in the unexhausted facts, so to speak. And Mr. McMonigle probably knows what question he'll be asked in that regard. So, I mean, my point is we have this tricky question of jurisdiction. We have a tricky question of stay and obey versus equitable tolling. But is this one of these cases where this court should just speak very plainly and essentially tell the district court either reversing because of stay and obey or affirming because of dismissal without prejudice subject to equitable tolling? And then that way we make sure we get the case right for all parties concerned, regardless of what our rationale is. And I don't mean to imply that our rationale isn't important. It always is. But this case strikes me as one that cries out more to make sure that we get the case right, and the rationale is quite secondary. Well, there's obviously, as you pointed out, different ways to get there. It appeared to us, and Mr. Tarselli as well, that the stay and obey procedure, this was a classic case for it. I mean, he's got a situation that he simply couldn't comply with the exhaustion requirements, so he meets that standard. He's got a potentially meritorious claim under Miller. And he wasn't dilatory. He was diligent. And so you could get there more easily that way and avoid the whole notion of equitable tolling and other concerns that may exist in applying that particular doctrine down the road. And so many of these cases were stayed for quite long periods of time, and we're not really asking for much when we're asking for a stay. Did you file a motion for reconsideration? Did we? No, we did not. Okay. Well, as you know, the magistrate made a ruling. After the district court. No, not after the district court. We just filed objections to the magistrate's ruling. Right. I know you did that. Where are we on the factual question? I mean, I just read this morning the Superior Court's opinion, which said the trial court, which ruled against you, as I understand it, on the merits, lacked jurisdiction for failure to join an indispensable party, right? Yes. So now are you back in state court having joined the indispensable party? Well, actually, there were two things going on. It's a little confusing. So Mr. Tarselli, on his own, decided that maybe the best way to litigate this issue is to go to orphans court. And so he went there on his own without the benefit of counsel. Meanwhile, there was a pending post-conviction relief act petition with that exact same issue in it. Needless to say, we tried to give him some guidance. What relief was he seeking in orphans court? Well, he thought it might be a good idea to amend his birth certificate. And, you know, there's different standards that apply. And I guess he was thinking if he did that, then he could carry the thing across the hall to the judge in the PCRA court and say, look, I'm a minor. But the same question could be resolved in connection with the post-conviction relief act petition. In fact, it's quite a little more interesting than the question that's before the court because of the unusual nature of birth year rules in Korea. The day you're born, you're one. I have two grandsons who are half Korean, and I understand some of the complications. Yeah, it's a very odd circumstance. You're one year old and the day you're born and if the lunar new year happens to happen, that right after you're born, you're two. And so he could actually have been closer to 16 as opposed to closer to 18. But in any event, our position simply is that the less complicated and cleaner procedure would have been a stay in a bay. And that the court should simply remand the matter for the imposition of a stay. But I still don't understand where we are now in state court. In state court, he still has a pending post-conviction relief act petition that has not been resolved. And there's going to be a hearing with experts to determine whether he is indeed 18 in a couple of months at the time of the offense or 16 or 17. So that's the case in the state court that will finally, at some point when it reaches the Supreme Court, tells the federal courts whether he's entitled to Miller relief or not. Yes. Thank you. Mr. McMonigle. May it please the court, good morning, your honors. My name is Jim McMonigle. I represent respondents, the superintendent of Greene County Prison, and also I'm from the Luzerne County District Attorney's Office hailing this matter for the Commonwealth. I guess I'll start off with the last question the court asked about where we stand in state court. I spoke to the defense attorney, Mr. Bill Watt, in that case last week. He had tried to communicate with Mr. Tarselli about his wishes going forward on the Orphan's Court matter or proceeding on the PCRA matter. He had not heard from Mr. Tarselli. My phone call prompted him to put a tickle on his calendar to do that, to try to contact Mr. Tarselli again. The current PCRA hearing has been generally continued by our local court pending the outcome of this to see what would happen of this. Mr. Watt thought it might be best just to pursue it by way of the PCRA and get that back on track, but he was going to be in contact with Mr. Tarselli to find out what his wishes were as the client. So we're just kind of in a holding pattern on the state court side now. All right. Do you agree that Mr. Tarselli is entitled to Miller relief if, in fact, he was a minor when he was convicted? If he's under 18, yes, Judge. As a court, it's kind of binary. If he's 18 or above, he loses. If he's below 18, he wins. So what should we do? I mean, we – it would seem to be completely improper for this court to deprive Mr. Tarselli of the opportunity in state court to get a final determination on that unless, of course, you know, we lacked jurisdiction, to Judge Fisher's point, or the district court lacked jurisdiction. But beyond something like lacking jurisdiction, shouldn't we just make sure that he has the opportunity to bring that fact question to a final conclusion in due course? I believe so, Judge. As I was preparing for this late last week and into yesterday, I think it dawned on me that we might be missing a point here in our rush to decide whether or not Miller applies or not apply. The better way to look at this might be under Section 2244d1d because there's a vital factual predicate here that's in question. And as I read that statute – and admittedly, I haven't been doing federal habeas for all that long in my office – but as I read the statute and what cases I've looked at, you get a year from the latest of those dates under the four exceptions of 2244d. If a state court finds that he is under 18 on July 1st of 2017, he would have a year from that date pending any other equitable or statutory tolling to file his federal habeas corpus. So even if a state court would rule he's under 18 on July 21st and he appeals that and files a federal habeas corpus, unless I'm admittedly missing something in what little research I've done so far, he may still have another whole year under the statute to bring another federal habeas corpus here. So in that case, if we've missed a point and that's the way we should be analyzing this, then I think the district court ruling could be seen as a final order, which would give this court jurisdiction to decide it, and yet Mr. Tarsilli still has his rights under the federal habeas corpus to bring it because the key date would be the date on which the factual predicate was found to bring this case. Now, that raises other questions, because as I indicated in my brief, there may be some dilatory factors here, because as the Commonwealth reads the record at this early stage, Mr. Tarsilli received a letter from someone involved in Korean cultural circles as early as 1988 of this cultural difference in calculation. Well, now, in other parts of the record, you say that there have been dilatory tactics, and that's... Well, I have to admit, Your Honor, that since Miller came out, he has not been dilatory in trying to get and convince a court that Miller applies to him. We can't hold it against him for not, particularly as a pro se litigant, not anticipating the Miller decision, and not the least of which we can't hold against him for not anticipating the retroactivity of Montgomery v. Louisiana, which is even more unusual. And I concede those points, Judge, but there were other reasons that he could have brought these facts to a court in Pennsylvania to argue that since I was a juvenile, my counsel was ineffective in not petitioning my case back to juvenile court. My counsel was ineffective in not challenging my statement to the police. The stakes are very different, though, in those circumstances as compared to a mandatory life without parole. Right. They are, Judge. And all those issues that I'm raising, the Commonwealth may lose on, and he would get relief anyways. It may not matter. But I believe those are issues that all fall under if the court believes it's more appropriate to rule this, to look at this under a 2244-D1-D analysis rather than just focusing on is he within a year or not, or equitable tolling regarding the Miller issue. Well, that's tomorrow. And the question that I was concerned about was the jurisdiction that we have today because of the way this case was decided by the district court. If the district court had stayed and obeyed this pending him return to the state court, we wouldn't be here. But that's not what happened. That's true, Judge. We wouldn't be here. That's not what happened. And we always have to evaluate our jurisdiction to hear these cases. And, you know, I think that the real question is, you know, if he's found to be under 18 at the time of this offense, you know, that's one question he's found over that, that Mr. Ulrich is out of luck. But we just need to evaluate this jurisdictional question. And I still haven't heard you say whether you think we have jurisdiction or we don't have jurisdiction. Well, Judge, just looking at it, I would disagree with Mr. Ulrich in the sense that while the result might be extraordinary, that as I indicated in my brief, this is a bit of a Gordian knot when it comes to the interplay between state and federal procedure, the fact that the district court made a ruling is not in itself extraordinary. District courts make rulings every day. Sometimes they're for defendants. Sometimes they're for Commonwealth plaintiffs, defendants. So from that point of view, there's nothing extraordinary about the case. The district court has simply made a ruling. And nobody prevented Mr. Tarselli from trying to exercise his rights in any way. As I indicated, at least for the limited issue of trying to get the case before court vis-a-vis Miller, he's been certainly diligent in doing that. And that the fact that this case puts him out of court for the time being, I think I would have to agree with, as I understood Mr. Ulrich's argument, that he is out of court at this point. So I believe that would give this court jurisdiction to decide the matter then. And as I understand your argument, Mr. McMonigle, you would have no, the Commonwealth would have no objection to a summary order from this court affirming the district court's dismissal without prejudice, but making clear that if and when Mr. Tarselli gets a final adjudication of his age, that the courthouse doors of the district court are open to him. Open to him subject to any other arguments regarding dilatory tactics or anything under 2244, if it gets that far. But he would still have to prove his age in state court, either through the Orphan's Court or the PCRA, where the Commonwealth very well may make the argument that, you know, he was dilatory in bringing this age issue before the court. Because as I said, there were other issues he could have raised where his age would have been a key fact. And he arguably was aware of that key fact as early as 1988. And that document, I believe, is in the record before the court right now. But all that just means that the Commonwealth has the ability to fight the merits determination about how old he was when he was convicted. Yes. But I was talking about the next step, which is if he gets a state court ruling that he was a minor, then the federal district court doors need to be open to him. Well, if he gets a decision favorable to him, I don't know if we get the federal court, because the Commonwealth would be appealing it through state court and whether we would win on a cert before the U.S. Supreme Court. No, I mean, I'm presuming that you don't just lose in the state trial court. If the entire state court system, right up through the cert petition opportunity, determines that he was a minor, then the Commonwealth is going to have to grant him Miller relief or... Are you going to come in and say that he's barred by AEDPA? Right. Well, if he gets state court relief, AEDPA doesn't come into play, because he doesn't even come into federal court. Well, he's been declared by the state courts to have been a minor at the time of the commission of the offense, but that doesn't automatically revise his sentence. Well, under Pennsylvania's PCRA, if he would convince the PCRA court that he was under 18 when he committed his offense, the Commonwealth could appeal that factual decision to the superior court and then ask for a petition for allowance of appeal to the Supreme Court, and if we lost, then a writ of cert to the U.S. Supreme Court, and if we would lose all along that way, the Commonwealth, as far as I understand, has no right to file a petition in federal district court to dispute that. We would then be left with the decision of the state court, Miller would apply... And you would give him the appropriate relief at that time. Yes, but if we would lose all the way up and we're left with he's under 18... At the time of the commission of the crime, he's under 18, you need to give him Miller relief. He would get Miller relief. In the unusual circumstance that you didn't give him Miller relief, then you, I assume, have no objection to us making clear that the federal district court would have to hear his habeas petition and that it wouldn't be barred for some jurisdictional reason. In other words, equitable tolling, here's what I'm trying to avoid. If the state court system, all the way up, finally determines that he was a minor when he committed this offense, we can't have a situation where the Commonwealth doesn't give him Miller relief. I'm not saying you would do this, but if you didn't, he goes into federal court and says, hey, I'm being held in violation of the writ of habeas corpus unconstitutionally. We can't have the district court then saying, well, you know, when I look at the equitable tolling factors, I don't think you quite measure up, so I'm not going to grant your petition. That's what I'm trying to avoid, and if there's some reason not to avoid that, please tell us now. I certainly can't speak for any other ADA, but if I'm still with the office, Judge, I'm not trying to pull those rules over the district court's eyes or try to speak out of both sides of my mouth. I mean, if we lose, we lose. Right. And if someone would tell me that, well, we're going to argue he should get Miller relief now, even though our court of common pleas has told us he should get it, superior court has told us he should get it, Pennsylvania Supreme Court has told us he should get it, U.S. Supreme Court has told us he should get it because they didn't take our appeal, I'm telling my boss we need to give him Miller relief, and if they're not going to do it, I think ethically I'm stepping back and saying, you know, I know it may be my job, Mr. and Ms. DA, but I'm not going to be the one arguing this in federal court. At that point, I think the Commonwealth of Pennsylvania should at that point say, okay, we've argued it as best we could. The cases have come down against us. We'll start talking to the defendant about some resentencing hearing or working it out so he gets the benefit of Miller and Montgomery at that point. Okay. Thank you, Mr. McMahon. Thank you very much. I appreciate your candor, Mr. Ulrich. Just one quick point. 2244-D, as the court knows, that's the after-discovered evidence provision. So you can get one year from the date your judgment becomes final, you get whatever amount of time you need. If there's a Brady violation, you don't know about some exculpatory evidence, you get a year from the date Miller v. Alabama comes down, or if there's after-discovered evidence, you get a year from the date you discover it. Could this be – could a state court determination fit into that box? I don't see how in the world that could possibly apply in this circumstance. I mean, the question here is, does he get the benefit of this new constitutional rule? And there are no facts. It would be a legal determination as to what his proper birth date is. That's not a fact. That's a state court legal determination. Exactly. Okay. Thank you, Your Honor. Thank you. The court appreciates the candor and excellent argument of both counsel. We'll take the matter under a vote.